# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

McNEESE PHOTOGRAPHY, L.L.C., et al., )
                                     )
                Plaintiffs,           )
                                     )
vs.                                  )   NO. CIV-14-0503-HE
                                     )
ACCESS MIDSTREAM PARTNERS,           )
L.P., et al.,                        )
                                     )
                Defendants.          )

## ORDER

Plaintiffs McNeese Photography, L.L.C. and David McNeese filed this action against Access Midstream Partners, L.P. ("AMP") and Chesapeake Energy Corporation ("Chesapeake") alleging claims for copyright infringement, aiding and abetting copyright infringement, and fraud. AMP has moved to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have responded, and the motion is at issue.[1]

Rule 12(b)(6) authorizes a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See*

---

[1]Plaintiffs argue that AMP's motion was untimely filed and should be stricken, stating that service was effected on May 19, 2014, and the motion was filed on June 9, 2014, outside the 21 day window provided by Fed. R. Civ. P. 12(a)(1). AMP asserts that because the summons was not sent "delivery restricted to addressee" as required by state law, the service was deficient, and AMP was not actually served until May 22, 2014. After a review of the relevant filings, the court concludes the motion was timely filed.

Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

## Background

According to the complaint, Mr. McNeese is a photographer and owner of McNeese Photography. On June 12, 2011, Mr. McNeese registered "contactsheet.pdf" with the United States Copyright Office. Contactsheet.pdf is composed of 285 photographs, mostly related to the oil and gas industry. On January 22, 2014, Mr. McNeese registered "012214_48 photos", containing 48 photographs, with the United States Copyright Office.

Plaintiffs allege that between 2011 and 2013, they granted a non-transferable license to Chesapeake for the aforementioned photographs. They assert that when Chesapeake sold its interest in Chesapeake Midstream Development, L.L.C. to AMP, Chesapeake transferred the copyrighted photographs to AMP without plaintiffs' permission and that AMP then used them for various business purposes. Plaintiffs further allege that when they contacted AMP to inquire as to which of their copyrighted photographs were in AMP's possession, AMP fraudulently provided an incomplete list of the photographs it had, and continued to use copyrighted photographs not on the list.

## Discussion

AMP argues the copyright infringement claims should be dismissed because the photographs allegedly infringed upon are not entitled to copyright protection. It asserts that plaintiffs' works are compilations and lack the originality necessary to make them protected under the copyright laws. AMP further argues that McNeese Photography does not state a claim for copyright infringement because it is not the owner of the photographs in question, that the fraud claims are preempted by the Copyright Act, and that plaintiffs are not entitled to statutory damages under the Copyright Act.

*Copyright claims*

As noted above, AMP argues that plaintiffs' photographs are not entitled to copyright protection because they are insufficiently original. It asserts the photograph are merely depictions of the "raw facts of the world." "To make a case for copyright infringement, [plaintiffs] must show (1) [they] own[ ] a valid copyright, and (2) defendant[ ] copied constituent elements of the work that are original to [plaintiffs]." Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc., 528 F.3d 1258, 1262 (10th Cir. 2008). Copyright protection is available only to "work [that] contains 'a degree of originality.'" *Id.* (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 346 (1991)). A determination of whether plaintiffs' works contain sufficient originality to entitle them to copyright protection, however, involves questions of fact not ordinarily appropriate for resolution on a motion to dismiss. *See, e.g.*, FragranceNet.com, Inc. v. FragranceX.com, Inc., 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010) ("[The] determination of whether plaintiff's images are sufficiently original to be copyrighted is a factual issue that is inappropriate for determination on a

motion to dismiss . . . ."); *see also* Lewis v. Kroger Co., 109 F. Supp. 484, 487 (S.D.W. Va. 1952) ("[O]riginality is ordinarily a question of fact, which is not to be decided on motion to dismiss . . . ."). The court concludes it is premature to resolve any issues as to originality based purely on the allegations of the complaint.[2]

AMP also argues the copyright claims are subject to dismissal because "plaintiffs cannot establish the requisite supersubstantial similarity necessary to prevail." Plaintiffs respond by citing various cases indicating the substantial similarity test is not applicable in cases such as this one, where the claim is that defendants reproduced or used exact copies of plaintiffs' works. Here, the complaint does appear to allege the use of exact reproductions by the defendant. However, even if that was not the case, the pleadings are insufficient to permit a further determination of substantial similarity here, given that the allegedly infringing photos are not attached or otherwise before the court. *See generally*, Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002), and Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) ("Thus, where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation."). There is no basis for dismissing the copyright claims at this point based on similarity.

Apart from its arguments based on the substantive elements of copyright law

---

[2]*Similarly, it is premature to resolve now the question of whether plaintiffs' photographs are entitled to copyright protection individually or only as compilations.*

generally, AMP argues that plaintiff McNeese Photography in particular has not stated a claim in its favor, because it lacks an ownership interest in the copyrights. As a general rule, only the legal or beneficial owners of a copyright have a basis for claim based on its infringement. *See* Silvers v. Sony Pictures Entm't, Inc. 402 F.3d 881 (9th Cir. 2005); Righthaven LLC v. Wolf, 813 F. Supp. 2d 1265, 1271 (D. Colo. 2011). Here, the court concludes McNeese Photography has not alleged sufficient facts to show that it was the legal or beneficial owner of the copyrighted material. The complaint indicates that Mr. McNeese individually owned the photographs and the copyrights to them. *See* [Doc. #1, para 11] ("Mr. McNeese retained the copyright and ownership rights in the pictures."); [Doc. #1, para 22] ("Mr. McNeese is currently and at all relevant times has been the sole proprietor of all rights, title and interest in and to the copyrights of [the photographs]."). There is no apparent basis in the facts alleged for a copyright infringement claim in favor of McNeese Photography. The motion will be granted as to the copyright claims asserted by it. Further, for the same reasons, any "aiding and abetting" claim asserted by McNeese Photography is also dismissed.

Finally, AMP argues that any claim for statutory damages based on infringement of the "012214_48 photos" should be dismissed because Mr. McNeese did not register his copyright as to them until after the alleged infringement began. Under the Copyright Act, an infringer of a copyright may be liable for either statutory damages or for actual damages and profits. *See* 17 U.S.C. § 504. However, subject to certain limited exceptions, statutory damages are not available if the infringement commenced before the filing of the copyright.

*See* 17 U.S.C. § 412; *see also* Wilson v. Brennan, 666 F. Supp. 2d 1242, 1265 (D.N.M. 2009) aff'd, 390 F. App'x 780 (10th Cir. 2010). Plaintiffs do not contest the point, conceding that because the copyright for "012214_48 photos" was registered after the alleged infringement, statutory damages are not available as to those photos. *See* [Doc. #16, pg. 29]. The motion will therefore be granted as to any claim for statutory damages based on those photos.

*Fraud claims*

AMP argues that plaintiffs' fraud claims are preempted by 17 U.S.C. § 301, which states

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Applying this statute, the Tenth Circuit has held that "a state common law or statutory claim is preempted by Section 301 if: '(1) the work is within the scope of the 'subject matter of copyright' as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106.'" Gates Rubber Co. v. Bando Chem. Indus., Ltd., 9 F.3d 823, 847 (10th Cir. 1993) (quoting Ehat v. Tanner, 780 F.2d 876, 878 (10th Cir.1985), cert. denied, 479 U.S. 820 (1986)). A claim is not preempted, however, if the "state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance,

6

distribution or display . . . ." *Id.* (citing Computer Associates International, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2nd Cir.1992)).

Plaintiffs argue that their fraud claims are not preempted because they involve the requisite "extra elements." Under Oklahoma law, fraud requires the showing of "material, false representations which are made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with the intention that they be acted upon by another, and relied thereon by another party to his injury." Dawson v. Tindell, 733 P.2d 407, 408 (Okla. 1987). A material false misrepresentation is not required for proving copyright infringement. Thus, the state law fraud claims include one or more elements not necessary to a copyright claim and are hence not preempted by the Copyright Act.

AMP also asserts that the fraud claims are preempted because they are "equivalent" to plaintiffs' rights under the Copyright Act. Specifically, it contends that the fraud claims, like the copyright claims, are directed to AMP's alleged use of plaintiffs' photographs without their permission, and are necessarily preempted. The court does not read plaintiffs' complaint so narrowly. Viewing the complaint's allegations in the light most favorable to plaintiff, the fraud claims arguably arise out of AMP's "affirmative false statements to McNeese *and* use of the photographs when requested not to do so." [Doc. #16, pg. 26] (emphasis added); *see also* [Doc. #1, para 52] ("[AMP] acted fraudulently in failing to disclose a complete list of the Plaintiffs' photographs that [it] had in its possess, had used, or was continuing to use."). The fraud claims thus appear to embrace more than a complaint

7

of copyright infringement and are therefore not preempted. The motion will be denied as to the fraud claims.

Conclusion

For the reasons stated, defendant Access Midstream Partners' motion to dismiss [Doc. #12] is **GRANTED** as to the claims of McNeese Photography's for copyright infringement and "aiding and abetting," as well as Mr. McNeese's claims for statutory damages stemming from the infringement of "012214_48 photos." The motion is otherwise **DENIED**. It is not apparent that the grounds for dismissal of McNeese Photography's claims can be remedied by amendment but, if they can be, plaintiffs shall file any amended complaint within **14 days**.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

8