IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MCNEESE PHOTOGRAPHY, L.L.C.,
an Oklahoma limited liability company,
and DAVID MCNEESE, an individual,

Plaintiffs,

v.

Case No. 14-CV-503-HE

ACCESS MIDSTREAM PARTNERS,
L.P., a Delaware limited partnership,

Defendant.

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EXPERT TESTIMONY AND BRIEF IN SUPPORT

Defendant, Williams Partners L.P. f/k/a Access Midstream Partners, L.P. ("ACMP"), moves for an order in limine, pursuant to Fed. R. Civ. P. 37(c), precluding Plaintiff from introducing any evidence, testimony or opinions from its purported expert witness, Jeff Sedlik, or any other experts Plaintiff may choose to belatedly designate.

This Motion is made on the ground that Plaintiff failed to disclose to ACMP in accordance with Fed. R. Civ. P. 26(a)(2), and the Court's Revised Scheduling Order [Dkt. No. 36]. As set forth herein, Plaintiff's failure to produce the disclosures required by Fed. R. Civ. P. 26(a)(2) and the Court's Revised Scheduling Order is neither substantially justified, nor harmless. Therefore, the exclusion of any testimony or other evidence Plaintiff may seek to present from any expert witness Plaintiff previously identified, or may belatedly designate, is automatic.

1

# INTRODUCTION

This action arises from ACMP's alleged copyright infringement of two compilations of photographs Plaintiff claims he took of ACMP's own property. See Complaint [Dkt. No. 1]. Although ACMP's predecessor-in-interest already paid Plaintiff for the right to use the photos, Plaintiff now contends ACMP's use is unauthorized. Plaintiff filed this action seeking to recover damages he claims to have incurred as a result of ACMP's alleged unauthorized use of those photographs. Id.

The Court's original Scheduling Order has been extended twice during the course of these proceedings to accommodate Plaintiff's claimed need for additional discovery. Most recently, on May 15, 2015, the Court entered a Revised Scheduling Order requiring:

> Plaintiff to file a **final** list of **expert witness(es) in chief** and **submit expert reports** to defendant by 07/15/2015.

See Revised Scheduling Order ¶3(a) [Dkt. No. 36] (emphasis original).

On July 15, 2015, Plaintiff filed his Expert Witness List identifying Jeff Sedlik as his "expert witness to testify in this case." See Plaintiff's Expert Witness List [Dkt. No. 44]. Plaintiff has suggested that Sedlik will testify at trial concerning ACMP's supposed improper use of Plaintiff's photographs, and the damages he claims were caused by such use. See Plaintiff's Final Witness List at 1 [Dkt. No. 59]. However, to date, Plaintiff has never submitted Sedlik's expert report to ACMP, and his deadline to do so has not been extended by the Court, or by agreement of ACMP.

2

Simply put, Plaintiff has willfully and without justification failed to comply with the requirements of Fed. R. Civ. P. 26(a)(2) or the Revised Scheduling Order to ACMP's obvious detriment. Therefore, Plaintiff is prohibited from offering any evidence, testimony or opinions at trial, on a motion, or at a hearing from Jeff Sedlik or any other expert witness Plaintiff may belatedly designate.

## ARGUMENTS AND AUTHORITY

### A. Plaintiff Violated Rule 26(a)(2)'s Expert Disclosure Requirement

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity, including the name, address and telephone number, of any person who will be used to present evidence at trial under Rules 702, 703 or 705. See Fed. R. Civ. P. 26(a)(1)(A), (2)(A). Where the witness is retained or specially employed to provide expert testimony in the case, the disclosure must be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). This written report must contain the following six items:

1. a complete statement of all opinions to be expressed and the basis and reasons therefore;
2. The data or other information considered by the witness in forming the opinions;
3. any exhibits to be used as a summary of or support for the opinions;
4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
5. the compensation to be paid for the study and testimony; and

> 6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

See Raley v. Hyundai Motor Co., Ltd.; No. CIV-08-0376-HE, 2010 WL 545860 *2 (W.D. Okla. Feb. 9, 2010); Nguyen v. IBP, Inc., 162 F.R.D. 675, 679 (D. Kan. 1995); Fed. R. Civ. P. 26(a)(2)(B).

The purposes for such disclosures and reports, and the timing for providing such disclosures and reports, is to eliminate unfair surprise to the opposing party; reduce the lengths of, or eliminate entirely, the depositions of experts;[1] and ensure that opposing parties have a reasonable opportunity to prepare for effective cross-examination of the expert and, if necessary, to arrange for rebuttal experts. See Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 26 at Subdivision (a), Paragraph (2); Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002); Nguyen, 162 F.R.D. at 681-82. In Dixie Steel Erectors, Inc. v. Grove, U.S., L.L.C., No. CIV-04-390-F, 2005 WL 3558663 (W.D. Okla. Dec. 29, 2005), the Court, in excluding a supplemental expert report, explained the importance of complying with Court's deadlines for Rule 26 expert witness disclosures, stating:

> The 1993 Amendments to the Civil Discovery Rules were promulgated with the stimulus of the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471, et seq. The CJRA's goals of civil litigation expense and delay reduction (see 28 U.S.C. § 472) would be substantially undermined if litigants were permitted to treat the expert report requirements casually.

---

[1] Indeed, the depositions of experts cannot be taken until the required disclosures have been made and the reports provided. Fed. R. Civ. P. 26(b)(4)(A); Nguyen, 162 F.R.D. at 682.

Id. at *6.

The sanctions for failure to provide the disclosures and reports required by Rule 26(a)(2) are set forth in Fed. R. Civ. P. 37(c)(1). Nguyen, 162 F.R.D. at 679. Under Rule 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Nguyen, 162 F.R.D at 679. The sanction of exclusion is thus automatic unless the party to be sanctioned can show that its violation of Rule 26(a) was either substantially justified, or was harmless to the opposing party. See Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 37 at Subdivision (c), Paragraph (1); Jacobsen, 287 F.3d at 952-53; Cohlmia v. Ardent Health Servs., L.L.C., 254 F.R.D. 426, 429-30 (N.D. Okla. 2008) ("Exclusion is automatic unless the offending party can show substantial justification or harmlessness."); Palmer v. Rhodes Mach., 187 F.R.D. 653, 656 (N.D. Okla. 1999) ("The requirements of Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case."); Dixie Steel, 2005 WL 3558663 *6 (exclusion and other remedies are available if party's failure to comply with Rule 26(a)(2) "does not clear the 'justified or harmless' hurdle" under Rule 37(c)).[2] Thus, Rule 37(c)(1) "provides an incentive for full disclosure; namely, that a

---

[2] The burden of establishing substantial justification and harmlessness is on the party who failed to make the required disclosure. Nguyen, 162 F.R.D. at 680.

5

party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." See Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 26 at Subdivision (a), Paragraph (2); see also Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 37 at Subdivision (c), Paragraph (1) ("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . .").

Exclusion is appropriate here. Plaintiff's violation of Rule 26(a)(2) and the Revised Scheduling Order was neither substantially justified nor harmless.

### 1. Plaintiff's Violation of Rule 26(a)(2) Is Not Substantially Justified

To date, Plaintiff has never submitted a report containing the information required by Fed. R. Civ. P. 26(a)(2)(B) to ACMP. However, Plaintiff and his counsel have been aware of the deadline for providing expert disclosures and reports since at least May 15, 2015. See Revised Scheduling Order ¶3(a) [Dkt. No. 36]. Indeed, Plaintiff specifically requested that the Court set July 15, 2015 as the date by which he would be required to submit expert report(s) to ACMP. See Joint Motion for Extension of Scheduling Deadlines ¶5 [Dkt. No. 34]. Plaintiff would not have asked the Court to establish that deadline if he did not believe that was a reasonable date to provide an expert report, and that he could comply with the deadline.

Either Plaintiff's counsel and supposed expert read the requirements of the Rule and the Revised Scheduling Order casually, or they made a tactical decision to

withhold the disclosures until after ACMP had produced its own expert disclosures and discovery had closed. Whichever the case may be, Plaintiff simply cannot sustain his burden to prove that his failure to comply with Fed. R. Civ. P. 26(a)(2) was substantially justified.

### 2. Plaintiff's Violation of Rule 26(a)(2) Is Not Harmless

Because Plaintiff's failure to comply with Rule 26(a)(2) is not substantially justified, Plaintiff can avoid the consequences for failure to disclose under Rule 37(c) only by demonstrating that his Rule 26(a)(2) violation is "harmless." See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (discussing factors to consider when determining whether a Rule 26(a)(2) violation is harmless). Plaintiff cannot do so.

Discovery closed on September 1, 2015. See Revised Scheduling Order ¶6 [Dkt. No. 36]. Daubert motions challenging the admissibility of proposed expert testimony are due on or before September 15, 2015. Id. at ¶7. Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2) and the Revised Scheduling Order barred ACMP from taking the deposition of Plaintiff's purported expert witness, effectively precludes ACMP from challenging the admissibility of Sedlik's proposed testimony and opinions in a Daubert motion, and leaves ACMP with no ability to prepare to meaningfully cross-examine Sedlik at trial. Plaintiff's conduct further leaves ACMP with no ability to determine whether it will need a rebuttal expert and, if so, to locate and retain a rebuttal expert and have that rebuttal expert prepared to testify at deposition and trial.

Curing Plaintiff's non-disclosure would, at a minimum, necessitate reopening discovery. However, the Court has previously indicated that the parties should not anticipate further requests for extensions of deadlines in this case. See Order [Dkt. No. 35]. Therefore, reopening discovery, and possibly delaying the trial, is not a viable option.

Moreover, ACMP submitted the report of its expert, D.R. Harris, to Plaintiff on July 31, 2015, in accordance with the Revised Scheduling Order. See Defendant's Expert Witness List [Dkt. No. 56]. A Rule 26(a)(2) violation whereby an expert "accomplishes his most significant data acquisition and analysis only after . . . the opposing experts have rendered their reports," is inherently, and incurably, prejudicial. Dixie Steel, 2005 WL 3558663 *9 (emphasis added). Under these circumstances, the better course of action is to preclude Plaintiff's reliance on any undisclosed expert information. Id. at *8.

Finally, although ACMP does not contend the actions of Plaintiff's counsel and expert were in bad faith, they were in fact willful. Plaintiff's counsel and expert are experienced and know what is required under Rule 26(a)(2). They cannot possibly claim that their rule violations were the result of oversight or misfortune. As the Court noted in Dixie Steel, "when a veteran expert, working with experienced counsel, waits until more than three months have passed after the original report was rendered to do the most meaningful work in support of that report, the expert, and counsel, know exactly what they are doing." Dixie Steel, 2005 WL 3558663 *10. The Court therefore precluded the use of any post-report work performed by the

expert under Rule 37(c)(1).  See also Raley, 2010 WL 545860 *4 (quoting Dixie Steel and finding that late disclosures were willful).

Plaintiff can thus not sustain his burden of showing his failures to comply with Fed. R. Civ. P. 26(a)(2) and are harmless to ACMP.  Plaintiff should be precluded from presenting, or otherwise relying on, any expert testimony, opinion, data, testing, or demonstration for any purpose in this case.  See Sundance Energy Oklahoma, L.L.C. v. Dan D Drilling Corp., No. CIV-13-991-R, 2014 WL 5795803 (W.D. Okla. Nov. 6, 2014).

## CONCLUSION

Plaintiff failed to provide the disclosures and reports required by Fed. R. Civ. P. 26(a)(2) regarding any proposed experts by the Court-ordered deadline of July 15, 2015.  Given the facts and circumstances set forth hereinabove, Plaintiff's failure to provide such disclosures and reports is not substantially justified and is not harmless to ACMP.  ACMP therefore respectfully requests that this Court enter its order precluding Plaintiff from introducing any evidence, testimony or opinions from its purported expert, Jeff Sedlik, or any other expert Plaintiff may choose to belatedly designate for any purpose in this case.

Dated: September 4, 2015

Respectfully submitted,

s/Anthony J. Jorgenson
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Anthony J. Jorgenson, OBA #17074
100 North Broadway
Chase Tower, Suite 2900
Oklahoma City, OK  73102-8865
Telephone (405) 553-2845
Facsimile (405) 553-2855
ajorgenson@hallestill.com

**ATTORNEYS FOR DEFENDANT WILLIAMS PARTNERS, L.P. F/K/A ACCESS MIDSTREAM PARTNERS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Randall K. Calvert
Denielle Williams Chaney
Ramandranath Ramana
Michael J. LaBrie
Zachary A. P. Oubre

s/Anthony J. Jorgenson
Anthony J. Jorgenson

1160457.1:01000:01335