IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCNEESE PHOTOGRAPHY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-503-D |
| | ) | |
| ACCESS MIDSTREAM PARTNERS, | ) | |
| L.P., a Delaware limited partnership, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant's Motion in Limine to Preclude Plaintiff From Offering Expert Testimony [Doc. No. 70], to which Plaintiff has filed his response in opposition [Doc. No. 79]. The matter is fully briefed and at issue.

On May 15, 2015, a Revised Scheduling Order ("Order") was entered in the present case [Doc. No. 36]. The portion of the Order relevant to this motion is paragraph 3(a), which required Plaintiff to "file a final list of expert witnesses(es) in chief and submit expert reports to defendant by 07/15/2015." *Id*. Plaintiff designated Jeff Sedlik as its expert [Doc. No. 44]; however, as of the date of this order, Plaintiff has not provided Defendant with an expert report as required by the Order. Defendant contends that as a result of this omission, Plaintiff should be prohibited from offering any evidence, testimony, or opinions from Mr. Sedlik or any other expert Plaintiff may designate in the future.

Rule 37(c) delineates the remedies or sanctions available for failure to disclose expert reports:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The Court may also impose other sanctions, including fee shifting, informing the jury of the party's failure to disclose, striking pleadings, or even dismissing the action. Fed. R. Civ. P. 37(c)(1)(A)-(C). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) and that such failure was harmless. *Murphy v. Spring*, 58 F. Supp. 3d 1241, 1274 (N.D. Okla. 2014).

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998)). However, the Tenth Circuit has enumerated four factors a court should use to guide its discretion in determining whether a Rule 26(a) violation is

substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id*. In analyzing these factors, the Court notes the Tenth Circuit has stated that "the decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir.1997).

The Court finds an application of the foregoing factors militates against granting Defendant's motion. As justification for its noncompliance, Plaintiff contends Defendant has repeatedly refused to comply with its discovery requests for essential materials needed to complete the report. Plaintiff notes it has filed a second motion to compel that seeks documents necessary for Mr. Sedlik to complete his analysis and conclusions. Without stating an opinion on the merits of Plaintiff's motion to compel, the Court finds Plaintiff's failure to provide an expert report by the court-ordered deadline was substantially justified. Plaintiff has acted reasonably in seeking documents relating to his infringement claim. Although Plaintiff could have moved to extend the report deadline, the Court will not impose the drastic sanction of excluding its expert merely because Plaintiff failed to seek such an extension.

Moreover, even if the Court were to find that Plaintiff's delay was not substantially justified, the Court would still find the delay harmless, as the Court does

not find Defendant has been unfairly prejudiced by the delay. All remaining scheduling order deadlines have been stayed pending the Court's ruling on dispositive motions. *See* Order, Nov. 13, 2015 [Doc. No. 108]. Thus, any trial in this matter would not be affected. Defendant also has the option of moving to reopen discovery in order to depose Mr. Sedlik after the report has been completed. In sum, the Court finds the imposition of sanctions is not warranted under the circumstances and Defendant's motion in limine should be denied.

Accordingly, Defendant's Motion in Limine to Preclude Plaintiff From Offering Expert Testimony [Doc. No. 70] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 20th day of May, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE