# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MCNEESE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACCESS MIDSTREAM )<br>PARTNERS, L.P., a Delaware )<br>Limited partnership, )<br>)<br>Defendant. ) | Case No. CIV-14-503-D |

## ORDER

Plaintiff David McNeese (McNeese) brought the present action against Defendant Access Midstream Partners, L.P. (Access) for copyright infringement and fraud regarding a number of photographs McNeese took from 2011 to 2013. On September 15, 2015, Access filed its Motion for Summary Judgment [Doc. No. 71] on each of McNeese's claims. Following a January 9, 2017 hearing in which the parties answered certain questions from the Court, the Court issued an order granting and denying in part Access' motion.

Specifically, the Court ruled that (1) genuine issues of material fact precluded summary judgment as to McNeese's copyright infringement claim concerning the collection of photographs entitled "contactsheet.pdf" (identified as Group 1 in the Order) in that there was a genuine dispute as to whether the photographs were published as a "single work"; (2) Access was entitled to summary judgment as to the

collection of photographs initially entitled "012214_48 photos" (Group 2), since McNeese was unable to prove that the filing error regarding the photos would not have resulted in a denial by the Copyright Office; (3) with respect to Group 1, genuine issues of material fact precluded summary judgment on McNeese's claims for contributory/vicarious copyright infringement (aiding and abetting); and (4) Access was entitled to summary judgment on McNeese's claim for fraud because he failed to present sufficient evidence showing the integral and necessary element of detrimental reliance.

Access moves the Court to reconsider its ruling with respect to the photographs that make up Group 1 [Doc. No. 146]. It contends the Court may have misapprehended certain facts and that subsequent registrations by McNeese establish that the photographs in Group 1 were not registered as a single work. A motion to reconsider is indeed appropriate where the court has either misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, it should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

A review of Access' motion shows that it rests on arguments that have already been addressed by the Court. At the time of its ruling, the Court had before it the evidence Access relies on in support of its motion. Upon consideration of such

evidence, the Court found that, viewing such evidence and all reasonable inferences therein in the light most favorable to McNeese, genuine issues of material fact existed regarding whether the photographs in Group 1 were published as a single work. Summary judgment is appropriate only when, if all permissible inferences are resolved in favor of the party against whom judgment is sought, "there can be but one reasonable conclusion as to the verdict," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), meaning that "it is quite clear what the truth is[.]" *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). At this stage of the proceedings, the Court is unwilling to make such a determination.

Accordingly, Access' Motion to Reconsider [Doc. No. 146] is **DENIED** as set forth herein. In light of the Court's ruling, Access' Motion to Stay [Doc. No. 144] is **DENIED** as moot.[1]

**IT IS SO ORDERED** this **5th** day of May 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Access sought a stay of these proceedings pending a ruling on the present Motion to Reconsider.