# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DAVID MCNEESE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-14-503-D |
| ACCESS MIDSTREAM PARTNERS, L.P., | ) |  |
| Defendant. | ) |  |

## ORDER

On September 5, 2017, the Court heard oral argument on Plaintiff's Third Motion to Compel [Doc. No. 160].[1] At issue in the Motion is whether Defendant is obligated to produce "the general ledger detail for all accounts (and sub-accounts) that could reflect payments for advertising, printing, promotion, public relations, safety education, investor relations, branding, etc., for the periods from June 1, 2012 through September 30, 2015." *See* Mot. at 1.

Counsel for Plaintiff admits that the referenced general ledger documents were not *specifically* requested in any prior request for production of documents, but are related to other previous document requests and necessary to assess the adequacy of production pursuant to those requests. Further, Plaintiff's counsel referred to an

---

[1] Defendant responded to the Motion [Doc. No. 163], and Plaintiff filed a reply [Doc. No. 164].

agreed framework, announced by counsel in open court as a resolution to Plaintiff's Second Motion to Compel [Doc. No. 69], as further evidence of entitlement to the documents sought through the instant Motion. Defendant contends, *inter alia*, that the Motion is a tardy attempt to re-open discovery that closed long ago, and it has fulfilled any obligations regarding the Second Motion to Compel which also addressed this issue.

The Court has reviewed the parties' briefs, materials provided and referenced during the hearing, the case record, and the hearing proceedings on the Second Motion to Compel held on July 1, 2016, and rules as follows.

Although it is doubtful that the general ledger documents sought by Plaintiff's Motion were fairly included within any prior discovery requests, they were expressly made subject to an agreement between counsel in connection with an attempted resolution of Plaintiff's Second Motion to Compel. In connection with that motion, the parties, through counsel, agreed to a framework that required Defendant to produce a chart of accounts from Defendant's general ledger. After a joint review of the chart, the parties were to identify specific accounts that could relate to invoices paid for advertising potentially related to infringing works. Detail from the general ledger would then be produced for the identified accounts, and from this production, Plaintiff's counsel would designate items for the production of corresponding

invoices. The parties agreed the relevant timeframe would be June 1, 2012 through September 30, 2015.

Defendant produced the chart of accounts and subsequently produced a spreadsheet reflecting numerous entries for one of those accounts, "G&A - Advertising Expense." Defendant subsequently filed a Notice stating that the issues related to the Second Motion to Compel had been fully resolved [Doc. No. 130]. Plaintiff attempted to take issue with the Notice [Doc. No. 132], but Plaintiff's filing was rejected by the Court for failure to follow discovery dispute procedures previously imposed [Doc. No. 133]. Despite the Court's Order rejecting Plaintiff's filing disputing Defendant's Notice, Plaintiff did not effectively attempt to bring to the Court's attention any lingering discovery issues relating to the Second Motion to Compel for approximately nine (9) months, when he filed the instant Motion on June 2, 2017. The record does reflect that there were some e-mail messages and correspondence between the parties in the interim addressing the production of general ledger materials.

Although the diligence of the parties in addressing this issue leaves much to be desired, the fact remains that the parties agreed to a framework for the production of general ledger details that has not been fully performed. During the hearing, Plaintiff provided a copy of the chart of accounts on which eight (8) specific

accounts were highlighted.[2] Accordingly, the Court directs the parties to complete the procedure upon which they agreed with respect to each of the identified eight accounts, and will allow the parties **sixty (60) days** in which to do so. The Court cautions the parties that nothing in this Order is intended to expand discovery or production beyond the eight specified accounts and the production related thereto contemplated in the parties' agreement. General discovery in this case is closed.

**IT IS SO ORDERED** this **11th** day of September 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The selected accounts (with description) are: (1) 8001675 (G&A – EMPLY TRAINING AND SEMINAR); (2) 80001726 (G&A – BENEFITS ADMINISTRATION); (3) 80001900 (G&A – BOARD OF DIRECTORS MEETING); (4) 80002050 (G&A – ADVERTISING EXPENSE): (5) 80002250 (G&A – SHAREHOLDER RELATIONS); (6) 80003521 (G&A – PRINTING); (7) 80004404 (G&A – EXPENSE ALLOCATION); and (8) 80004405 (G&A – ADMINISTRATION EXPENSE).